# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**JAMES McCAW**                                                                                      **PETITIONER**

**VS.**                                  **2:16-CV-00140 JLH-JTR**

**C V RIVERA, Warden,**
**Warden, FCI Forrest City**                                                         **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, James McCaw ("McCaw"), who is currently incarcerated at the Forrest City, Arkansas, Federal Correctional Institution. *Doc. 1*.

In the Petition, McCaw challenges a sentence imposed by the United States District Court for the Eastern District of Missouri. *United States v. McCaw*, Case No. 4:02-CR-352-CEJ ("*McCaw I*"). The relevant facts supporting McCaw's collateral attack on his federal sentence are set forth below.

On December 5, 2002, a Missouri federal court jury convicted McCaw on eighteen criminal counts: (1) transportation of stolen vehicles (seven counts); (2) interstate transportation of stolen goods (seven counts); and (3) fraud with identification documents (four counts). *McCaw I*, *Doc. 77 and 95 (Judgment)*. On April 3, 2003, he was sentenced to a total of 262 months in the BOP. *Id.*, *Doc. 95*.

On March 8, 2004, the Eighth Circuit affirmed McCaw's conviction.[1] *United States v. McCaw*, 92 Fed. Appx. 372 (8th Cir. 2004). Thereafter, McCaw did *not* file a § 2255 motion with the trial court challenging his conviction.

On May 20, 2014, *more than eleven years after his sentence was imposed*, McCaw filed a Motion to Correct Clerical Error with the trial court. In this motion, McCaw sought to correct the Judgment to reflect the total number of payees and the total amount of restitution. *McCaw I*, *Doc. 121*. On May 22, 2014, the trial court denied the motion. *McCaw I*, *Doc. 122*.

---

[1] On direct appeal, McCaw challenged an evidentiary ruling by the trial court and its denial of his request to remove a juror. *McCaw did not challenge the sentence imposed by the trial court or the computation of his sentence.*

On October 19, 2016, McCaw filed this § 2241 habeas action which alleges only one claim: the sentencing court in *McCaw I* "erroneously calculated" his sentence. *Doc. 1* at 2.

For the reasons discussed below, this Court concludes it lacks subject matter jurisdiction and recommends that this habeas action be dismissed, without prejudice.

## II. Discussion

According to McCaw, the sentence imposed in *McCaw I* was "unlawful and illegal" because of numerous alleged errors in how his guideline range was computed under the United States Sentencing Guidelines. As a result of those errors, he contends that his total offense level should have been 28 instead of 32. *Doc. 1* at pp. 2-4.

Generally, a federal inmate who challenges any aspect of the *imposition* of his sentence must do so by filing with the sentencing court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010). In contrast, a § 2241 habeas petition allows a prisoner to attack the *execution* of his sentence or the way in which it is being carried out by seeking relief from a district court in the judicial district where the federal prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002). The Eighth Circuit has explicitly held that: "[a] prisoner cannot

raise, in a § 2241 motion filed in the district of incarceration, an issue which could [have been] or was actually raised in the § 2255 motion filed in the sentencing district." *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003).

Although 28 U.S.C. § 2255(e) contains a "savings clause" that allows a prisoner, under narrowly proscribed circumstances, to challenge his sentence in a § 2241 habeas action, the prisoner must be able to demonstrate that the § 2255 remedy "*is inadequate or ineffective to test the legality of his detention*." 28 U.S.C. § 2255(e) (emphasis added). *Lopez-Lopez*, 590 F.3d at 907 (omitting citation). McCaw's Petition neither mentions § 2255(e) nor offers *any* explanation of why his § 2255 remedy was or is "inadequate or ineffective."

While McCaw clearly could have raised the claims he is now asserting in a timely filed § 2255 action in the Eastern District of Missouri, he failed to do so. The fact that it is now too late for him to seek § 2255 relief does not render that remedy inadequate or ineffective. *See United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000) (holding that Lurie had failed to demonstrate the § 2255 motion was inadequate or ineffective merely because it was now too late for him to pursue those claims in a timely filed § 2255 motion). Thus, well-established Eighth Circuit case law bars McCaw from using this § 2241 habeas action to collaterally attack his federal sentence by asserting claims that could and should have been

raised in a § 2255 motion filed with the sentencing court. *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009).

### III. Conclusion

Accordingly, under § 2241, this Court lacks subject matter jurisdiction to consider McCaw's challenge to the sentence imposed by the United States District Court for the Eastern District of Missouri in *McCaw I*.

IT IS THEREFORE RECOMMENDED THAT this Petition for a Writ of Habeas Corpus (*doc. 1*) be DISMISSED, without prejudice.

Dated this 6th day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE